Isaac P. Hernandez (SBN 025537)
Hernandez Law Firm, PLC
55 E. Thomas Road
Phoenix, Arizona 85012
Tel:   602.753.2933
Fax:   855.592.5876
Email: isaacphdez@gmail.com

*Attorney for Plaintiff Juan Vallejo*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Vallejo,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Azteca Electrical Construction, Inc.; Jeffrey C. Stone, Inc.; and Summit DCK, LLC; and, Carlos Valencia Yado,<br><br>　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

**COMES NOW** Plaintiff Juan Vallejo in support of his Complaint against Defendants Azteca Electrical Construction, Inc., Jeffrey C. Stone, Inc., Summit DCK, LLC, and Carlos Valencia Yado ("Defendants"), hereby alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action to recover unpaid compensation and other appropriate relief from Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and the Arizona Minimum Wage Act ("AMWA"), A.R.S. §23-362, *et seq.* Plaintiff contends that Defendants failed to

compensate Plaintiff at one-and-a-half times his regular hourly rate for certain time periods in which he worked more than forty hours in a workweek, and failed to pay him at all for certain time periods worked, thereby depriving Plaintiff of compensation to which he was entitled.  Plaintiff seeks declaratory relief, backpay for nonpayment and underpayment of wages, liquidated damages, attorney's fees and costs, and other relief available under the FLSA, AMWA, and any other applicable law.

## JURISDICTION AND VENUE

2. Jurisdiction over Plaintiffs' federal law claims is conferred on this Court pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

3. Jurisdiction over Plaintiff's state law claims is conferred on this Court pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391, because the acts, events, or omissions giving rise to Plaintiff's claims occurred in whole, or in part, in Maricopa County, Arizona, and because Defendants maintain places of business in, and regularly conduct business in Maricopa County, Arizona, and throughout the geographic region comprising this judicial district.

## PARTIES

5. Defendant Azteca Electrical Construction, Inc. ("Defendant Azteca"), an Arizona corporation, is an electrical construction contractor that performs services for its customers throughout the State of Arizona.

6. Defendant Carlos Valencia Yado ("Defendant Yado") was/is the owner of Defendant Azteca and was at all times relevant to this action a resident of Maricopa, Arizona.

7. Defendant Jeffrey C. Stone, Inc. ("Defendant JCS"), an Arizona corporation, is a general contractor and construction company that performs services for its customers throughout the State of Arizona.

8. Upon information and belief, sometime in 2011 or 2012 Defendant

Hernandez Law Firm, PLC
55 E. Thomas Road
Phoenix, Arizona 85012
602.753.2933

JCS and another company named DCK Worldwide, LLC, joined to form Defendant Summit DCK, LLC, a Delaware corporation.

9. Like Defendant JCS, Defendant Summit DCK is a general contractor and construction company that performs services for its customers throughout the State of Arizona.

10. Upon information and belief, both Defendant JCS and Defendant Summit DCK operate out of the same office located at 3333 E. Camelback Road, Suite 122, Phoenix, Arizona 85018.

**FACTUAL BACKGROUND**

11. Plaintiff began working for Defendant Azteca as an electrician in 2000.

12. On or about October 2010, Defendant JCS, doing business as Summit Builders, entered into a written agreement with Mohave County for construction work on the Bullhead City Library, located in Bullhead City, Arizona ("Library Project").

13. As the General Contractor on the Library Project, Defendant JCS executed a payment bond providing that Defendant JCS would "promptly pay all moneys due to all persons supplying labor [or] materials to [Defendant JCS] or [Defendant JCS's] subcontractors in the prosecution of the work provided for in the Contract."

14. Defendant Azteca was a subcontractor on the Library Project.

15. In March 2011, Plaintiff and Alberto Ramirez, another employee of Defendant Azteca, began performing work on the Library Project behalf of Defendant Azteca and Defendant JCS.

16. Plaintiff worked on the Library Project from March 2011 until its completion sometime in November 2012.

17. From March 2011 until November 2012, Plaintiff worked between 40 and 60 hours per week on average.

Case 2:13-cv-01207-DKD   Document 1   Filed 06/14/13   Page 4 of 7

18. Plaintiff's hourly rate on the Library Project was $21.50 per hour.

19. From the time Plaintiff began working on the Library Project in March 2011 until July 2011, Defendant Yado was present and would work alongside Plaintiff. During that time, Defendant Yado was the person responsible for communicating with the Project Manager Tom Wallace and Project Superintendant Neil Lincoln.

20. Upon information and belief, Mssrs. Wallace and Lincoln were employees of Defendant JCS and/or Defendant Summit DCK at all times relevant to this action.

21. From March 2011 until July 2011 Plaintiff interacted with Mr. Lincoln on work related matters one or two times per month.

22. Defendant Yado stopping coming to the jobsite in late July or early August 2011.

23. From July 2011 until November 2012 Plaintiff was the primary contact on the Library Project for electrical work Defendant Azteca had contracted to perform. During that time Plaintiff was in regular daily contact with Mr. Lincoln, typically having two or three meetings with him throughout the day to discuss the Library Project. Among other things, Plaintiff and Mr. Lincoln would discuss the supplies that Plaintiff and his coworker (Mr. Ramirez) required to perform the work, making arrangements to order supplies or purchase supplies from local hardware stores, scheduling hours of work, and coordinating the electrical work Plaintiff and Mr. Ramirez were performing with that of other subcontractors.

24. Beginning in May 2011, Defendant Azteca stopped paying Plaintiff on a regular basis.

25. Plaintiff did not receive any payment for work performed on the Library Project in June or July 2011.

26. Plaintiff began complaining to Defendant Yado about the unpaid wages in June 2011.

- 4 -

27.     Sometime in August 2011, Plaintiff received a partial payment of the money he was owed from Defendant Azteca.

28.     Sometime around August or September 2011, Plaintiff communicated his complaints regarding unpaid wages to different employees of Defendant JCS, including but not limited to, Project Manager Tom Wallace and Project Superintendant Neil Lincoln.

29.     Sometime in November 2011, Defendant JCS agreed to pay Plaintiff for some of the money he was owed for work performed on the Library Project between May and November 2011, and further agreed to start paying Plaintiff directly for all Plaintiff's work performed on the Library Project. As a result, Plaintiff received two or three partial payments of the money he was owed for work performed on the Library Project between May and November 2011.

30.     In addition to the amounts of unpaid wages and overtime that Plaintiff never received for work Plaintiff performed on the Library Project from May 2011 to November 2011, Plaintiff accumulated expenses for materials and work related fuel usage that he paid from his own money that were never reimbursed by Defendant Azteca or Defendant JCS.

31.     Beginning in December 2011/January 2012, Defendant JCS directly paid Plaintiff for all hours of work on the Library Project.

## FIRST CAUSE OF ACTION
### (FLSA-Unpaid Overtime)

32.     Plaintiff incorporates by reference Paragraphs 1 through 31 of this Complaint as if specifically set forth herein.

33.     By failing to pay Plaintiff one-and-one-half times his regular hourly rate for all hours worked in excess of 40 hours per work week, Defendants violated his rights under the FLSA, including but not limited to 29 U.S.C. §207.

34.     Defendants' failure to pay Plaintiff one-and-a-half times his regular hourly rate for all hours worked in excess of 40 hours per work week was knowing,

willful, and in reckless disregard of his rights under the FLSA.

## SECOND CAUSE OF ACTION

### (FLSA-Minimum Wages)

35. Plaintiff incorporates by reference Paragraphs 1 through 34 of this Complaint as if specifically set forth herein.

36. By failing to pay Plaintiff at all for certain hours of work, Defendants violated his rights under the FLSA, including but not limited to, 29 U.S.C. §206.

37. Defendants' failure to pay Plaintiff for all hours of work was knowing, willful, and in reckless disregard of his rights under the FLSA.

## THIRD CAUSE OF ACTION

### (AMWA-Minimum Wages)

38. Plaintiff incorporates by reference Paragraphs 1 through 37 of this Complaint as if specifically set forth herein.

39. By failing to pay Plaintiff at all for certain hours of work, Defendants violated his rights under the AMWA, including but not limited to, A.R.S. §23-363.

40. Defendants' failure to pay Plaintiff for all hours of work was knowing, willful, and in reckless disregard of his rights under the AMWA.

**WHEREFORE**, Plaintiff prays for relief against Defendants, jointly and severally, as follows:

A. Declare that Defendants violated the FLSA and/or AMWA by failing to pay Plaintiff for all hours of work;

B. Declare that Defendants violated the FLSA by failing to pay Plaintiff one-and-a-half times his regularly hourly rate for all hours worked in excess of 40 hours per work week;

C. Award Plaintiff payment for all unpaid wages and overtime;

D. Award Plaintiff liquidated damages in an amount equal to his unpaid wages and overtime;

E. Order Defendants to pay reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b) and/or A.R.S. §23-364;

F. Order Defendants to pay pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;

G. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against Defendant; and

H. Order all other relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff.

## JURY DEMAND

Plaintiff demands a jury trial.

Respectfully submitted this 14th day of June 2013.

Hernandez Law Firm, PLC

By: /s/ Isaac P. Hernandez
Isaac P. Hernandez
Attorney for Plaintiff